UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| RICHARD B., | | **DECISION** |
| | Plaintiff, | **and** |
| v. | | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | | **19-CV-1077F** (**consent**) |
| | Defendant. | |

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER
                     Attorneys for Plaintiff
                     KENNETH R. HILLER, and
                     JUSTIN M. GOLDSTEIN, of Counsel
                     6000 North Bailey Avenue
                     Suite 1A
                     Amherst, New York  14226

                     JAMES P. KENNEDY, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202
                              and
                     FERGUS JOHN KAISER
                     Special Assistant United States Attorney, of Counsel
                     Social Security Administration
                     Office of General Counsel
                     26 Federal Plaza, Room 3904
                     New York, New York  10278


**JURISDICTION**

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned. (Dkt. 11). The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on March 19, 2020 (Dkt. 7), and by Defendant on May 18, 2020 (Dkt. 9).

## BACKGROUND

Plaintiff Richard B. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 10, 2015, for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits"). Plaintiff alleges he became disabled on April 28, 2014, based on a history of torn right meniscus and patellar tendon since April 28, 2014, status post right knee arthroscopy on June 27, 2014 and December 9, 2014, and hypertension. AR[1] at 146, 170, 180. Plaintiff's application initially was denied on March 9, 2016, AR at 52-60, and at Plaintiff's timely request, AR at 72-75, on May 30, 2018, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Paul Georger ("the ALJ"), AR at 29-51 ("administrative hearing"). Appearing and testifying at the administrative hearing were Plaintiff, represented by Matthew Frederick Nutting, a non-attorney representative, and vocational expert Lanell R. Hall ("the VE"). During the administrative hearing, Plaintiff's alleged disability onset date ("DOD") was amended to December 19, 2014. AR at 39.

On August 24, 2018, the ALJ denied Plaintiff's claims, AR at 7-22 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council. AR at 143-45. On June 24, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby making the ALJ's

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed on November 8, 2019 (Dkt. 4).

decision the Commissioner's final determination on the claim.  On August 14, 2019, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On March 19, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiffs' Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Administrative Record (Dkt. 7-1) ("Plaintiff's Memorandum").  On May 18, 2020, Defendant moved for judgment on the pleadings (Dkt. 9) ("Defendant's Motion"), attaching the Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Defendant's Memorandum").  Filed on May 29, 2020 were Plaintiff's Reply Arguments (Dkt. 10) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; the matter is REMANDED for further administrative proceedings.

## **FACTS**[2]

Plaintiff Richard B. ("Plaintiff"), born September 23, 1958, was 53 years old when he applied for disability benefits on December 9, 2015, and 59 years old as of August 24, 2018, the date of the ALJ's decision.  AR at 35, 52, 146, 170.  Plaintiff graduated high school where he attended regular classes and completed two years of college but did not earn a degree.  AR at 35-36, 181.  Plaintiff's work history includes as a retail store manager for a grocery store chain where he was employed from 1977 until December 18, 2014, becoming a store manager in 2003.  AR at 37-39, 163.

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

It is undisputed that Plaintiff has been hampered by degenerative joint disease of both knees beginning with his right knee after falling on April 28, 2014, and with his left knee on May 11, 2017, with Plaintiff undergoing arthroscopic surgery on his right knee twice in 2014 including on June 27, 2014 and December 19, 2014, and once on his left knee on December 14, 2017.  AR at 180, 186, 196, 215, 456, 508-09, 513.  On September 18, 2017, physical therapist Mark Howard ("PT Howard"), from whom Plaintiff received physical therapy for his knee impairments, completed a medical source statement regarding Plaintiff's ability to perform work-related activities.  AR at 414-19.  Plaintiff's primary care physician for his knee impairments is orthopedic surgeon, Paul Mason, M.D. ("Dr. Mason"), of Buffalo Orthopaedic Group LLP, who also performed all three of the arthroscopic surgical procedures on Plaintiff's knees, and completed a medical source statement on April 27, 2018.  AR at 588-90.   In connection with his disability benefits application, on February 17, 2016, Plaintiff underwent an Internal Medicine Examination by Samuel Balderman, M.D. ("Dr. Balderman").  AR at 382-87.  Plaintiff's primary care physician is Vipin Ohri, M.D. ("Dr. Ohri"), of Ohri Medical Group, P.C., in Warsaw, New York.  AR at 422-55.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

4

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,³ if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not

---

³ Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

high . . . .  It means – and means only – such relevant evidence as a seasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, at 1154 (2019) (internal citation and quotation marks omitted).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the

Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2020, AR at 12, Plaintiff has not engaged in SGA since April 28, 2014, his original alleged DOD, *id*., and has the severe impairment of degenerative joint disease of both knees, *id*., but that Plaintiff's medically determinable impairments of hypertension, hyperglycemia, and testicular hypofunction pose no more than a minimal limitation to Plaintiff's ability to perform basic work activities and thus are non-severe, *id*. at 12-13, and Plaintiff does not have an impairment or combination of impairments meeting or medically equal in severity to a listed impairment. AR at 13. The ALJ also found that despite Plaintiff's impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b), except that Plaintiff can climb ramps and stairs occasionally, but never climb ladders, ropes or scaffolds, can balance and stoop occasionally, but can never kneel, crouch, or crawl. AR at 13-17. The ALJ further found Plaintiff is capable of performing his PRW as a retail store manager, although such PRW was heavy as Plaintiff performed it, but which is light work as generally performed in the national economy, AR at 17, such that Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision. *Id*. at 17.

In support of his motion, Plaintiff argues the ALJ erred at step three of the five-step sequential analysis in failing to find Plaintiff's impairment meets the criteria for disability based on the requirements of both Listing 1.02A (pertaining to major dysfunction of a major peripheral weight-bearing joint including, *inter alia*, the knee), and Listing 1.03 (relating to reconstructive surgery or surgical arthrodesis of a major weight-bearing joint),[4] Plaintiff's Memorandum at 13-18, the ALJ failed to apply the appropriate legal standard in evaluating the medical opinions of record, *id*. at 18-28, and the ALJ's determination that Plaintiff's statements regarding subjective complaints are not consistent with the medical evidence of record is not supported by substantial evidence. *Id*. at 18-30.  In opposition, Defendant argues the administrative record is devoid of evidence establishing Plaintiff's degenerative joint disease meets or equals any listed impairment, Defendant's Memorandum at 5-7, and the ALJ did not improperly weigh the medical opinions of record, *id*. at 7-12.  In reply, Plaintiff clarifies he is asserting his knee impairment meets, rather than medically equals, the criteria of both Listings 1.02A and 1.03, Plaintiff's Reply at 1-4, the ALJ erred by "collectively weighing" the medical opinions of record and improperly failed to give the opinion of Plaintiff's treating physician controlling weight, *id*. at 4-9, and reiterates the ALJ erred in discounting Plaintiff's subjective complaints.  *Id*. at 9-10.  The court addresses each argument in turn.

Preliminarily, as Plaintiff states, Plaintiff's Reply at 1-4, he is asserting disability based on meeting the criteria for both Listings 1.02A and 1.03, such that Defendant's

---

[4] The court notes that although Plaintiff claims his knee impairment meets the disability criteria under both Listings 1.02A and 1.03, Plaintiff can establish disability if substantial evidence in the record supports the criteria of either Listing.

argument, Defendant's Memorandum at 6-7, regarding the applicability of SSR 17-2p[5] pertaining to the analysis applicable to whether a claimant's disability medically equals a listing impairment is not relevant here.  Further, because it is undisputed that Plaintiff has bilateral knee impairments and underwent surgical procedures on both knees during the period relevant to Plaintiff's disability benefits claim, Plaintiff's argument that the ALJ erroneously failed to find Plaintiff's impairment meets the criteria for both Listing 1.02A and 1.03 turns on whether Plaintiff is unable to effectively ambulate as defined in Regulation 1.00B2b.

> As relevant, an inability to effectively ambulate is defined as
>
> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  *Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities*.
>
> 20 C.F.R. Part 404, Subpart P, App. 1, 1.00B2b(1) (italics added) ("Regulation 1.00B2b(1)").
>
> The Regulation further provides that
>
> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school.  Therefore, *examples of ineffective ambulation include, but are not limited to*, the inability to walk without the use of a walker, two crutches, or two canes, *the inability to walk a block at a reasonable pace on rough or uneven surfaces*, the inability to use standard public transportation, the inability to carry out routine ambulatory activities such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. . . .

---

[5] "SSR 17-2p" refers to Social Security Ruling 17-2p, *Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence*, *available at* 2017 WL 3928306 (S.S.A. Mar. 24, 2017).  Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

9

20 C.F.R. Part 404, Subpart P, App. 1, 1.00B2b(2) (italics added) ("Regulation 1.00B2b(2)").

Defendant, in arguing the administrative record fails to establish Plaintiff is unable to effectively ambulate, relies on Regulation 1.00B2b(1)'s requirement that a claimant require use of a handheld assistive device limiting the functioning of both upper extremities.  Defendant's Memorandum at 6.  In contrast, Plaintiff relies on Regulation 1.00B2b(2)'s requirement of "the inability to walk a block at a reasonable pace on rough or uneven surfaces," Plaintiff's Memorandum at 14-15, which Plaintiff further maintains establishes Plaintiff's knee impairment meets the disability criteria for both Listings 1.02A and 1.03.  *Id*.

   The evidence on which Plaintiff relies in support of his argument that his knee condition and surgeries render him unable to effectively ambulate and, thus, meets the disability criteria for both Listings 1.02A and 1.03 includes the opinions of Dr. Mason, AR at 588-90, and PT Howard AR at 414-19.  In particular, in a medical source statement completed on April 27, 2018, Dr. Mason reported Plaintiff's bilateral knee pain limited Plaintiff to low stress jobs, AR at 588, unable to walk one city block without resting or severe pain, *id*., able to stand for one hour and sit and stand for less than two hours in an 8-hour workday, *id*., and requires a cane to engage in occasional standing and walking.  *Id*. at 589.  The ALJ gave Dr. Mason's opinion "little" weight because the reported limitations, largely reported on a "check-the-box" form, are not accompanied by any explanation.  AR at 16.  Not only are narrative explanations by acceptable medical sources not required, *see Garcia Medina v. Comm'r of Soc. Sec.*, 2019 WL 1230081, at * 3 (W.D.N.Y. Mar. 15, 2019) (observing there is no authority requiring check-the-box

forms also include narrative explaining limiting effect of impairments), but Dr. Mason's opinion is consistent with his treatment notes that, for example, Plaintiff has pain when walking downhill, AR at 510 (September 15, 2016), Plaintiff uses a cane because his right knee "gives out at times," his knees pain hinders Plaintiff's driving, causes Plaintiff to fall, and interferes with activities of daily living including putting on socks, AR at 450 (April 3, 2017), and weight bearing activities aggravate Plaintiff's knee problems, with his knees frequently "catching and giving way." AR at 456 (May 11, 2017). The ALJ, however, determined the limitations found by Dr. Mason are in excess of those supported by the evidence, but does not specify on which evidence he relies in making this determination. AR at 16. Although the ALJ is not required to cite to every bit of evidence relied upon, *see Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (ALJ's failure to cite to specific evidence does not establish evidence was not considered), Dr. Mason's opinion is consistent with that of PT Howard who specifically indicated on September 18, 2017, that Plaintiff is unable to walk one block at a reasonable pace on rough or uneven surfaces, AR at 419, which finding would qualify Plaintiff as disabled based on Regulation 1.00B2b(2). As a physical therapist, however, PT Howard is not an acceptable medical source whose opinion is entitled to controlling weight, but if supported by the record, a physical therapist's opinion may constitute substantial evidence where the opinion is well documented and supported by the medical evidence. SSR 06-03p,[6] 2006 WL 2329939, at *6. Significantly, here, PT Howard's opinion is consistent with PT Howard's findings that Plaintiff can occasionally walk, AR at 405, and

---

[6] "SSR 06-03p" refers to Social Security Ruling 06-03p, *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and nongovernmental Agencies," available at* 2006 WL 2329939 (S.S.A. Aug. 9, 2006).

11

Plaintiff's walking duration is limited to 20 minutes with the assistance of a walking stick, *id*. at 412, and to 100 feet unaided.  *Id*. at 415.  The ALJ, nevertheless, provides no reasons for rejecting PT Howard's opinion.

Instead, the ALJ relies on the consultative opinion of Dr. Balderman, to which the ALJ assigns "partial weight."  AR at 16.  Dr. Balderman assessed Plaintiff on February 17, 2016, only with regard to his right knee pain, AR at 382-85, which is significant because the consultative examination occurred before Plaintiff left knee complaints commenced on May 11, 2017, *i.e.*, after Dr. Balderman's consultative examination.  Based only on Plaintiff's right knee impairment, Dr. Balderman found Plaintiff with a moderate limitation in kneeling and repetitive climbing.  AR at 384.  Although the ALJ's RFC determination incorporates these restrictions, AR at 13, because Dr. Balderman did not consider the additional impact of Plaintiff's left knee impairment and December 14, 2017 left knee surgery, there is an impermissible gap in the record the ALJ was required to fill prior to making his decision regarding Plaintiff's ability to effectively ambulate.

Moreover, insofar as the ALJ determined Plaintiff retains the RFC for "light" work, which "involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds," 20 C.F.R. § 404.1567(b), the court observes the record is devoid of any evidence establishing Plaintiff is capable of the lifting and carrying requirements for light work.  In fact, the only evidence in the record regarding Plaintiff's ability to lift and carry is consistent with, at most, sedentary work.  *See*, *e.g.*, AR at 414 (PT Howard limiting Plaintiff to lifting and carrying no more than 5 lbs. on occasion and only for short distances); 589 (Dr. Mason limiting Plaintiff to

occasionally lifting and carrying less than 10 lbs., and rarely lifting and carrying between 10 and 20 lbs).  Furthermore, Dr. Balderman's medical source statement is silent as to Plaintiff's functional capacity for lifting and carrying such that the ALJ was without any evidence on which to base his determination that Plaintiff is capable of light work. Significantly, an ALJ cannot infer a claimant's ability to perform a function from an opinion's silence regarding that function.  See Tisdale v. Comm'r of Soc. Sec., 2020 WL 85128, at * 4 (W.D.N.Y. Jan. 7, 2020) ("an ALJ cannot infer a claimant's ability to perform a certain function from an opinion's silence regarding that function"); see Rosa v. Callahan, 168 F.3d 72, 81 (2d Cir. 1999) (rejecting ALJ's reliance on consulting physician reports where there was no indication in the reports that the consultants intended anything by their silence or that they set out to "express an opinion on the subject" of Rosa's sedentary work capacity").  Here, neither the ALJ nor this court can infer anything relevant to Plaintiff's RFC based on Dr. Balderman's failure to make any findings on the issue of any lifting and carrying limitations by Plaintiff.

Accordingly, based on the administrative record, the matter should be REMANDED for further development of the record particularly with regard to Plaintiff's ability to effectively ambulate, as well as with regard to Plaintiff's ability to lift and carry. Further, the court expresses no opinion as to Plaintiff's other arguments in the absence of a complete record.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is GRANTED; Defendant's Motion (Dkt. 9) is DENIED; the matter is REMANDED for further administrative proceedings consistent with this Decision and Order.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 31st, 2021
	Buffalo, New York